## Thomas Williams and others v. Thomas Jackson.

*Set-off: Payment: Due bills payable in chattels: Demand.* Plaintiffs' due bills payable in lumber at their yard are held not admissible, either as set-off or as payment, in an action for the purchase price of lumber bought by defendant on the basis of a cash purchase, and including something additional for delivery at a distance from the yard, where the purchase was made without reference to such due bills, and without notice to the plaintiffs that defendant held them, and before any demand had been made for lumber on them.

*Heard April 15. Decided April 20.*

Case made from Superior Court of Detroit.

*D. B. & H. M. Duffield,* for plaintiffs.

*George A. Chase, George H. Prentis* and *Hoyt Post,* for defendant.

GRAVES, CH. J.

This is a case made after judgment. The suit was assumpsit for lumber sold and delivered, and was tried in the superior court of Detroit without a jury. The defense was made under notice, with the general issue, of set-off, tender and payment of money into court.

The plaintiffs gave evidence tending to show they were

partners under the style of Williams, Osburn & Co., and that in March, 1874, the defendant bought of them a bill of lumber at specified and agreed prices, the whole being two hundred and eight dollars and fourteen cents; that for this price the lumber should be delivered away from plaintiffs' yard about three miles, and at defendant's building, and that the price fixed should be paid on such delivery; that pursuant to the agreement the plaintiffs, in about four days, delivered the lumber at defendant's building, and was not paid for it; that in selling lumber deliverable at some distance from the yard it was customary for plaintiffs to charge and include in the general price, something beyond the charge in case of yard delivery, and that, in the present instance, whilst the price agreed on was made low because it was to be paid down in money, it was somewhat increased on account of the distant delivery.

The plaintiffs having rested, the defendant was allowed, under objection, to give in evidence two chattel notes made by plaintiff, and each of which was of the following tenor:

"$100.    Due Thomas Venn *one hundred dollars*, *payable in lumber at our yard*, foot of Twelfth street, Detroit. Feb. 4, 1874.

(Signed.)        " WILLIAMS, OSBURN & Co."

With these notes defendant also gave evidence that they were assigned to him by Venn, the payee, on the 10th of February, 1874.   He also showed that, after the lumber was delivered to him pursuant to the first named agreement, he tendered these chattel notes, with eight dollars and fourteen cents in cash to the plaintiffs in payment, and that plaintiffs refused to accept, and that he subsequently paid the eight dollars and fourteen cents into court, but retained the notes.

He also gave evidence conducing to show that in fact he did not promise to pay for the lumber on delivery, but merely promised to *settle* for it, when delivered.   The defendant having rested, the plaintiffs proved that no demand upon the Venn notes had been made, and that defendant

gave them no notice that he held them until he offered them in payment, and that they were, and had always been, ready to deliver lumber at their yard upon the notes, on call therefor.

The court made no special finding, but gave judgment for defendant.

The plaintiffs appear to have been entitled to recover, unless the defense based on the chattel notes was in the way, and the result must depend, therefore, upon the correctness of the ruling in regard to the notes. We think the court erred in permitting the defendant to use the notes in resisting the action; but it is quite needless to suggest all the grounds for this opinion. A single view will suffice. The sale and delivery of the lumber for the agreed price of two hundred and eight dollars and fourteen cents, as claimed by the plaintiffs, are facts undisputed. The plaintiffs maintain that defendant promised to pay in cash on delivery. But defendant asserts that he did not promise to pay, but only to *settle.* He did not intimate that he held the notes, or in any way give the plaintiffs to understand that he was getting the lumber upon them. On the contrary, he allowed the plaintiffs to suppose they were selling to a cash customer, and for cash. The notes called for lumber at the yard, and nowhere else, and the purchase by defendant involved a sale which could be completed only by delivery at a point three miles distant. He was bound to know that plaintiffs understood him as buying chattels of them, and not as collecting a debt from them. Whether, then, he used the word "pay," or the word "settle," in his bargain, is of no consequence.

He must have understood that the plaintiffs received his promise and would act upon it in the sense of one to pay the money, and if he meant differently it was his duty to explain himself. When they delivered the lumber as agreed their contract was executed, and they at once had a money demand against him for the agreed price. This was a sufficient cause of action in their favor, and it did not

WILLIAMS *v.* JACKSON.

arise upon the chattel notes, but upon a distinct and different contract, and there was no agreement or understanding that the notes should apply as set-off or payment. Hence the right of defendant, if he had any, to so apply them, could arise only by implication of law, and the facts admit of no such implication.

These notes were not originally cash securities, and they could not be made to operate as cash securities except by some new agreement, or by acting upon them so as to cut off the option of the makers to pay in lumber. Neither could any right of action arise upon them, and consequently no right of set-off or payment without proceedings to place the makers in default, and the case shows that the notes were allowed to retain their original character of undertakings to pay in lumber at the plaintiffs' yard on request. No requirement for specific performance or any steps having been taken to put the plaintiffs in default, or make the notes payable in cash, they remained executory agreements upon which no right of action had accrued or money was demandable. The defendant could have maintained no action upon them either for cash or lumber, and hence the holding of them gave him no right to use them as set-off or payment.

The judgment should be reversed, with costs, and a new trial ordered.

CAMPBELL, and COOLEY, JJ., concurred.